THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WOOS LLC dba CONVIRZA, a Nevada LLC,<br><br>Plaintiff,<br>v.<br><br>MOHAMMAD MUSTAFA aka MO ASADY, an individual, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-212 DBB DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motion for Extension of Time.[1] Defendant James Walker moves the court for an extension of time to answer or respond to the Complaint. The Freighton Defendants seek to extend the deadline for a response to Woos LLC's (Convirza) Motion for Preliminary Injunction. Defendants request that the deadlines be tied to resolution of their Motion to Dismiss for lack of personal jurisdiction filed on May 5, 2025. Once the court resolves that motion, then Defendants would respond within fourteen days. In the alternative, Defendants request they be given at least seven days from the denial of this Motion, to file an Answer. As set forth herein, the court will grant the motion in part.

## BACKGROUND

Convirza is involved in the analytics business and "manages toll-free and local area code telephone numbers."[2] Convirza sells phone numbers, "misdial" traffic from numbers to customers and "vanity" numbers based on their unique alphanumeric sequencing.

---

[1] Motion for Extension of Time, ECF No. 37. Judge David Barlow referred this case to the undersigned under 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 11.

[2] Complaint at 3.

In August 2020 Walker became Convirza's Chief Operations Officer with access to much of Plaintiff's business information. Defendant Asady became Convirza's Chief Technology Officer, and he also had access to Convirza's proprietary information. Convirza alleges that at some point, these Defendants along with others, conspired to steal Convirza's business. The Defendants also utilized Convirza's ideas and technology regarding an Autobot or AI Agent for answering and responding to customer calls. Plaintiff seeks an injunction against all Defendants, and brings claims for *inter alia*, violation and misappropriation of trade secrets, breaches of fiduciary duties, interference with economic relations, and unfair competition.

Working together, the parties sought to resolve Plaintiff's Motion for Preliminary Injunction agreeing to multiple extensions of time to file an Answer or respond to the Preliminary Injunction Motion.[3] Eventually when those negotiations broke down, Defendants filed the instant motion seeking additional extensions of time. On May 5, 2025, Defendants also filed a Motion to Dismiss for Lack of Jurisdiction. That Motion gives rise to the instant question before the court, whether certain deadlines should be extended to allow for the jurisdictional question to be first addressed.

## DISCUSSION

Federal Rule 6 provides that "the court may, for good cause, extend the time" required to act, such as the deadline to file an opposition to a motion or answer a complaint.[4] Under Rule 6(b)(1), a court may extend a deadline for "good cause." If a request is made before the original deadline, then good cause need only be found for the extension. However, if a request is made after the original deadline, then the court must also determine whether "the party failed to act

---

[3] ECF Nos. 31 and 34.

[4] Fed, R. Civ. P. 6(b)(1).

because of excusable neglect."[5] The Tenth Circuit has held that Rule 6(b) "should be liberally construed to advance the goal of trying each case on the merits."[6] And as noted by the Tenth Circuit, a leading "'treatise suggests that district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party.'"[7]

Here, Defendants make their request prior to the deadline expiring, so the more rigorous excusable neglect analysis is unnecessary. Plaintiff's arguments relying on *Utah Republican Party v. Herbert*,[8] are inapplicable here because that court considered an extension request made after the original deadline. Plaintiff also asserts allowing further delay will be prejudicial and harm Convirza due to the unfair competition from Defendants. The court is persuaded that there is potential here for prejudice to Convirza based on the alleged illegal competition. Yet, there is more to consider.

Intersecting with Defendants' request for an extension of time, are the jurisdictional requirements to which this court is bound. The Tenth Circuit has held that a court has "an affirmative duty to look into its jurisdiction both over the subject matter and the parties"[9] "[A] judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action."[10] In a federal question case, such as this one, the Tenth Circuit has set forth the proper process to determine whether a court has personal jurisdiction:

---

[5] Fed. R. Civ. P. 6(b)(1)(B).

[6] *Rachel v. Troutt,* 820 F.3d 390, 394 (10th Cir. 2016).

[7] *Id.* (quoting 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1165, at 605–08 (2015))..

[8] 678 F. App'x 697, 700, 2017 WL 460987 (10th Cir. 2017).

[9] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).

[10] *United States v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1309 (10th Cir.1994).

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.[11]

According to Defendants, the court must first resolve the Motion to Dismiss for Lack of Jurisdiction before requiring Defendants to file an Answer or respond to the Motion for Preliminary Injunction. Defendants also note the cost savings by taking this approach. The court is not persuaded by Defendants' arguments.

Notwithstanding the jurisdictional issues, Defendants have failed to show good cause for Walker's request to delay answering the Complaint until after the Motion to Dismiss is decided. As noted by Plaintiff, "Walker is a resident of Utah and was served here."[12] Thus, Walker is to file an Answer to the Complaint within seven days from the date of this order.

In similar fashion, the court is not persuaded that Defendants have shown good cause to delay their response to Corviza's Motion for Preliminary Injunction. The court acknowledges, however, that the Motion for Preliminary Injunction is complex. Given its complexity, the court will allow the Freighton Defendants twenty-one days from the date of this decision to file their opposition to Convirza's Motion. This additional time balances the complexity of the motion with the need to resolve the Motion decreasing any potential prejudice.

---

[11] *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir.2000) (citations and internal quotation marks omitted)

[12] Opposition to Motion for Extension of Time at 8, ECF No. 38.

## ORDER

Based upon the foregoing, Defendants' Motion is DENIED in PART and GRANTED in Part. Defendant Walker is to file an Answer to the Complaint within seven days. The Freighton Defendants have twenty-one days to file their opposition to Convirza's Motion for Preliminary Injunction.

IT IS SO ORDERED.

DATED this 13 May 2025.

_____
Dustin B. Pead
United States Magistrate Judge