UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WOOS LLC dba CONVIRZA, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMAD MUSTAFA AKA MO ASADY, an individual; JAMES WALKER, an individual; CAMERON HOLMES, an individual; FREIGHTON, LLC dba CALL GENERATION NETWORK and MISDIAL.AI, a Florida limited liability company; NUMBER5, LLC dba NUMBERS AI, LLC and NUMBERS, LLC, a Delaware limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [96] AND [104] PLAINTIFF'S MOTIONS FOR DEFAULT AND GRANTING IN PART [118] PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**<br><br>Case No. 2:25-cv-00212-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff Woos LLC dba Convirza's ("Convirza") Motion for Default Against James Walker and Cameron Holmes,[1] Renewed Motion for Entry of Default Against James Walker,[2] and Motion to Dismiss Defendant James Walker's Counterclaim.[3] Having reviewed these motions, the court determines that they can be most efficiently addressed in a single order.

---

[1] Motion for Entry of Default Against James Walker and Cameron Holmes ("First Default Motion"), ECF No. 96, filed Oct. 15, 2025.
[2] Renewed Motion for Entry of Default Against Defendant James Walker ("Second Default Motion"), ECF No. 104, filed Nov. 14, 2025.
[3] Motion to Dismiss Counterclaim of James Walker ("MTD"), ECF No. 118, filed Dec. 23, 2025.

1

## BACKGROUND

This case involves a complex business dispute. Plaintiff Convirza is a Nevada limited liability company with its sole place of business in Utah.[4] Convirza describes itself as a coaching company that later moved into call analytics using AI review.[5] In August 2020, Convirza hired Mr. Walker as its sales manager, and he later became the company's chief operations officer.[6] Convirza generally alleges that Mr. Walker and Defendant Mo Asady secretly created their own business and used their positions to usurp Convirza opportunities and funnel business and customers away.[7] It also alleges that Walker and the other defendants used Convirza resources to perpetrate the thefts and breaches.[8]

On May 12, 2025, Convirza filed its First Amended Complaint detailing these allegations.[9] On August 5, 2025, the court granted an extension of time until August 27 for the defendants, including Mr. Walker, to file an answer to the Amended Complaint.[10] On August 20, 2025, the court granted a second extension to Mr. Walker, extending his answer deadline to September 17.[11] Then, on September 2, 2025, the court entered an order allowing Mr. Walker's counsel to withdraw.[12] Two days later, on September 4, 2025, the court granted a third extension to the Defendants' answer deadline in recognition of their counsel withdrawing and ordered all Defendants to respond to the Amended Complaint by October 14, 2025.[13]

---

[4] First Amended Complaint ("Compl.") ¶ 1, ECF No. 41, filed May 12, 2025.
[5] *Id.* ¶¶ 14–15.
[6] *Id.* ¶ 20.
[7] *Id.* ¶¶ 30–36.
[8] *Id.*
[9] *See id.*
[10] ECF No. 78.
[11] ECF No. 82.
[12] ECF No. 88.
[13] ECF No. 90.

On September 18, 2025, Mr. Walker informed the court that he would be continuing *pro se* and requested a fourth extension of his answer deadline.[14] The court denied this request the next day and told Mr. Walker that he had until October 14, 2025, to respond to the Amended Complaint.[15] Mr. Walker did not file an answer by that date, and Convirza moved the next day for an entry of default judgment against Mr. Walker and Defendant Cameron Holmes, who also did not respond by the deadline.[16] After Mr. Holmes subsequently appeared with new counsel, Convirza filed a renewed motion for default against just Mr. Walker on November 14, 2025.[17]

On November 18, 2025, the court entered an order to show cause, ordering Mr. Walker to respond within fourteen days and show why he should not be subject to default judgment.[18] Mr. Walker responded on December 4, 2025, two days after the court's deadline.[19] That same day he filed an Answer to the First Amended Complaint along with counterclaims against Convirza and additional counterclaim defendants.[20]

In Mr. Walker's Answer and Counterclaim, he alleges that the counterclaim defendants told him he would receive ownership interests in the company but never provided him those interests.[21] He also claims that the counterclaim defendants have used threats, intimidation, defamatory statements, and retaliatory litigation to suppress his objections.[22] The Counterclaim includes thirteen causes of action.[23]

---

[14] ECF No. 91.
[15] ECF No. 92.
[16] First Default Motion.
[17] Second Default Motion.
[18] ECF No. 110.
[19] Response to Order to Show Cause ("OSC Response"), ECF No. 114, filed Dec. 4, 2025.
[20] Answer and Counterclaim, ECF No. 113, filed Dec. 4, 2025.
[21] *Id.* at 18–19.
[22] *Id.*
[23] *Id.* at 20–25.

## STANDARD

**Default**

Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure allows a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."[24] The Rule 37 sanctions referenced in Rule 16 include the option of "rendering a default judgment against the disobedient party."[25] Dismissal is an "extreme sanction" that is usually only appropriate in "cases of willful misconduct."[26] Therefore, "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[27]

**Motion to Dismiss**

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[28] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the

---

[24] Fed. R. Civ. P. 16(f)(1)(C).
[25] Fed. R. Civ. P. 37(b)(2)(A)(vi).
[26] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).
[27] *Id.* at 921.
[28] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.,* 923 F.3d 729, 764 (10th Cir. 2019)).
[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

nonmoving party, and liberally construe the pleadings."[30] Conclusory statements and legal conclusions are "not entitled to the assumption of truth."[31]

Generally, "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."[32] "However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"

## DISCUSSION

**I.     Motion for Default**

Convirza presents its renewed default motion as a request for relief under Rule 55(a) of the Federal Rules of Civil Procedure.[33] Rule 55(a) allows for entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[34] But this is not a typical Rule 55 default situation where a defendant has totally failed to involve himself in the litigation or defend himself. Mr. Walker was already involved in the litigation prior to the motion being filed, and he had even filed notice of his pro se status.[35] In situations where a defendant has been engaged in the litigation but fails to file an answer or

---

[30] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[31] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).
[32] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).
[33] Second Default Motion 1.
[34] Fed. R. Civ. P. 55(a).
[35] *See* ECF No. 91.

pleading when ordered, this court typically treats a default motion as a request for default as a sanction under Rules 16 and 37. [36] The court will do the same here. Before entering default as a sanction, a court should consider several factors:

> (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[37]

### A.     Degree of Actual Prejudice

"Prejudice may be inferred from delay, uncertainty, and rising attorney's fees."[38] In this case, Mr. Walker filed his response over a month and a half after the court-imposed deadline.[39] Even a delay of a single month can create prejudice in some circumstances.[40] However, in this case other defendants have filed counterclaims, and other Convirza motions to dismiss are still pending.[41] The case would have been in its current stage of litigation, briefing Rule 12(b)(6) motions, even without Mr. Walker's delay. Because Mr. Walker's delay has not kept the case from advancing in light of delays and extensions related to other defendants and counterclaimants, this factor weighs against default.

---

[36] *See Su v. Ascent Constr., Inc.,* No. 1:23-CV-0047-TS-DAO, 2024 WL 839553, at *1 (D. Utah Feb. 28, 2024), *appeal dismissed*, No. 24-4025, 2024 WL 3986610 (10th Cir. Apr. 16, 2024); *Basic Rsch., LLC v. Roca Beauty Lounge Inc.*, No. 2:22-CV-00483-TS-CMR, 2024 WL 3276397, at *1 (D. Utah July 2, 2024).
[37] *Su*, 2024 WL 839553, at *1 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)) (cleaned up).
[38] *Id.* at *2.
[39] *See* ECF. No. 92; Answer and Counterclaim.
[40] *See Su*, 2024 WL 839553, at *2 (finding that a delay of less than a month satisfied this factor).
[41] *See* Motion to Dismiss Asady Counterclaim, ECF No. 111, filed Nov. 25, 2025.

### B.   Interference With the Judicial Process

A party "flout[s] the court's authority" and interferes with judicial process when he "wilfully fail[s] to comply with a direct court order."[42] Here, Mr. Walker requested four extensions of time to respond to the Amended Complaint.[43] His fourth request was denied, and the court specifically instructed him to file his response by October 14, 2025.[44] Yet Mr. Walker failed to comply even after the court rejected his request and reiterated its earlier deadline. This factor weighs in favor of default.

### C.   Culpability of the Litigant

The third factor is related to the second. It recognizes that default and dismissal should only be considered in cases of "willful misconduct."[45] Willful failure or misconduct is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."[46] Mr. Walker explained in his response to the court's order to show cause that he did not file his response in time because he lost his counsel and was unable to access necessary documents after disputes arose with his co-defendants.[47] Yet the court had already rejected the counsel argument and made clear that the deadline stood.[48] Mr. Walker's noncompliance was intentional rather than inadvertent, so this factor also somewhat favors default. Even so, the court recognizes the challenges Mr. Walker faced and acknowledges the explanations he provided.

---

[42] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).
[43] *See* Docket.
[44] ECF No. 92.
[45] *Ehrenhaus*, 965 F.2d at 920.
[46] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002).
[47] OSC Response 1.
[48] ECF No. 92.

### D. Warnings About Noncompliance

The court warned Mr. Walker in its order to show cause that failure to respond could result in default.[49] Mr. Walker responded to the order to show cause with an explanation for his delay and by filing his answer.[50] Prior to the order to show cause, the court had not warned Mr. Walker that his failure to file a response could result in default.[51] This factor weighs against default.

### E. Efficacy of Lesser Sanctions

No other requests for sanctions are currently before the court. However, Mr. Walker has not exhibited a pattern of noncompliance or delay. He has also participated consistently in this litigation. Though his failure to comply with the court's order is not excused, he has provided at least some explanation as to the reasons for his delay and has subsequently filed all required pleadings.[52] The court finds that, should the need arise, lesser sanctions than default would likely be sufficient to ensure compliance. Considering the factors listed above, an entry of default against Mr. Walker is not an appropriate sanction at this time.

## II. Motion to Dismiss

Convirza also moves to dismiss each of Mr. Walker's counterclaims against it in a Rule 12(b)(6) motion to dismiss for failure to state a claim.[53] The court notes that Mr. Walker is currently proceeding *pro se*. In the Tenth Circuit, "[a] pro se litigant's pleadings are to be

---

[49] ECF No. 110.
[50] OSC Response; Answer and Counterclaim.
[51] *See* Docket.
[52] *See* OSC Response; Answer and Counterclaim.
[53] MTD 1.

construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[54] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so."[55] However, this "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[56] Even for a *pro se* plaintiff, "conclusory allegations without supporting factual averments are insufficient to state a claim."[57]

Convirza moves for dismissal of each of Mr. Walker's thirteen counterclaims.[58] Mr. Walker does not oppose the dismissal of his cause of action for "fraudulent transfer / voidable transactions" (Count XI), but he opposes dismissal of his other claims.[59]

### A. Defamation Per Se and False Light (Counts I & II)

The counterclaim first alleges defamation per se and false light against all counterclaim defendants.[60] In Utah, a prima facie case for defamation must show that:

> (1) the defendant published the statements . . .; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statements resulted in damages."[61]

For defamation per se, a plaintiff need not prove damages if the statements are "on their face, and without the aid of intrinsic proof . . .unmistakably recognized as injurious.[62] Similarly, false light requires a plaintiff to show that:

---

[54] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[55] *Id.*
[56] *Id.*
[57] *Id.*
[58] MTD 2.
[59] Opposition to Motion to Dismiss Counterclaim ("Opp'n") 2, ECF No. 122, filed Jan. 15, 2026.
[60] Answer and Counterclaim 20.
[61] *Jacob v. Bezzant*, 2009 UT 37, ¶ 21, 212 P.3d 535, 543.
[62] *Seegmiller v. KSL, Inc.*, 626 P.2d 968, 977 n.7 (Utah 1981).

(1) the defendant publicized a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (3) the defendant knew or recklessly disregarded the falsity of the publicized matter and the false light in which the plaintiff was placed.[63]

Convirza argues that these claims should be dismissed because Mr. Walker has not pled what the allegedly defamatory statements are, who said them, or where or when they were published.[64] Mr. Walker responds by directing the court to allegedly defamatory statements that were referenced in a declaration filed in this case as an exhibit to a motion on June 3, 2025.[65] He also recounts how his co-defendant Mr. Asady allegedly locked him out of a separate company they were both involved in.[66] Because most of the facts referenced in Mr. Walker's Opposition do not appear in his counterclaim, the court cannot consider them here.[67]

The Counterclaim states that "Counterclaim Defendants published false statements accusing Walker of serious criminal and professional misconduct, including theft, fraud, misappropriation of trade secrets, racketeering, and participation in a "scheme" or "conspiracy" to steal from Convirza."[68] But other than conclusory statements that the counterclaim defendants "misrepresented Walker" and "used . . . defamatory communications," there is nothing pled to support this claim.[69] The Counterclaim does not include the allegedly defamatory statements, and it does not state any facts showing who said them or how they were published.[70] Even by the

---

[63] *Bezzant*, 212 P.3d at 544.
[64] MTD 3–4.
[65] Opp'n 3.
[66] *Id.* at 3–5.
[67] *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).
[68] Answer and Counterclaim 20.
[69] *See id.* at 19.
[70] *Id.*

10

lenient standard for constructing *pro se* pleadings, a total lack of facts related to defamation and false light is insufficient to state a claim.[71]

### B. Abuse of Process (Count IV)

Mr. Walker also asserts a claim for abuse of process.[72] "The essence of a cause of action for abuse of process is a perversion of the process to accomplish some improper purpose."[73] A party claiming abuse of process must allege, (1) "an ulterior purpose" and (2) "a wilful act in the use of the process not proper in the regular conduct of the proceeding."[74] Convirza argues that the Counterclaim does not state facts to satisfy the "willful act" requirement.[75] Mr. Walker responds that he has alleged a "campaign" by the counterclaim defendants to lock him out of the company, cut off his revenue stream, and disseminate false accusations.[76]

The Counterclaim does not plead facts to support this argument. Though it claims that the counterclaim defendants have misused the legal process "as a tool of retaliation, coercion, and reputational destruction,"[77] this allegation goes only to an ulterior purpose. The Counterclaim does not state any facts that could plausibly be interpreted as showing a willful act in the use of the legal process that is not proper. Therefore, it fails to state a claim for abuse of process.

---

[71] *See XPO Logistics Freight, Inc. v. Fox*, No. 2:16-CV-194-JNP-DBP, 2016 WL 11671640, at *2 (D. Utah Aug. 19, 2016) ("It is not enough to merely make conclusory allegations that false statements were made. Rather, the actual statements giving rise to the claim must be identified.").
[72] Answer and Counterclaim 21.
[73] *Bennett v. Jones, Waldo, Holbrook & McDonough*, 2003 UT 9, ¶ 48, 70 P.3d 17, 29 (quoting *Crease v. Pleasant Grove City,* 30 Utah 2d 451, 455, 519 P.2d 888, 890 (1974)) (cleaned up).
[74] *Hatch v. Davis*, 2006 UT 44, ¶ 36, 147 P.3d 383, 389.
[75] MTD 7–8.
[76] Opp'n 7–8.
[77] Answer and Counterclaim 21.

11

### C. Tortious Interference with Economic Relations (Count III)

Convirza also seeks to dismiss Mr. Walker's cause of action for tortious interference with economic relations.[78] To state a claim for tortious interference, a plaintiff "must prove (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff."[79] "Improper means are present 'where the means used to interfere with a party's economic relations are contrary to law, such as violations of statutes, regulations, or recognized common-law rules.'"[80] Improper means can include unlawful acts like "violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood."[81]

Here, the Counterclaim states only that the Counterclaim Defendants "intentionally interfered" with Mr. Walker's "existing and prospective business relationships and opportunities" by "spreading false accusations and weaponizing litigation."[82] These allegations recite the elements of tortious interference, but they are not supported by factual allegations. None of the facts stated in the counterclaim show what economic relations Mr. Walker had or how Convirza interfered with those relations. The Counterclaim also seems to allege that the improper means were defamation and abuse of process,[83] but as already discussed it fails to state

---

[78] MTD 4.
[79] *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 65, 201 P.3d 966, 979, holding modified by *Cent. Utah Water Conservancy Dist. v. King*, 2013 UT 13, ¶ 65, 297 P.3d 619 (quoting *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 304 (Utah 1982)).
[80] *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 201 (Utah 1991) (quoting *Leigh Furniture,* 657 P.2d at 308).
[81] *Id.*
[82] Answer and Counterclaim 21.
[83] *Id.*

12

facts sufficient to support such claims. In the absence of facts showing what economic relations Mr. Walker lost and what improper actions Convirza took to cause that loss, the Counterclaim does not state a claim for tortious interference.

### D.    Intentional Infliction of Emotional Distress (Count V)

Mr. Walker asserts a claim for intentional infliction of emotional distress ("IIED").[84] To state an IIED claim, a plaintiff must plead four elements:

> (i) the defendant's conduct complained of was outrageous and intolerable in that it offended generally accepted standards of decency and morality; (ii) the defendant intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress; (iii) the plaintiff suffered severe emotional distress; and (iv) the defendant's conduct proximately caused the emotional distress.[85]

Convirza argues that the Counterclaim fails to state an IIED claim because it does not allege facts showing outrageous and intolerable conduct.[86] Mr. Walker responds that such conduct is adequately alleged when the Counterclaim states that "Counterclaim Defendants' conduct—including threats, accusations of criminality, and public vilification—was extreme and outrageous."[87]

This allegation is conclusory. It states that the counterclaim defendants made threats and public accusations of criminality, but there are no facts in the Counterclaim from which such a conclusion could be plausibly drawn. There are no facts alleged indicating that Convirza made any threats or statements at all. This claim also fails for lack of a factual basis.

---

[84] *Id.* 21–22.
[85] *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 37, 56 P.3d 524, 535 (quoting *Retherford v. AT & T Communications of the Mountain States, Inc.,* 844 P.2d 949, 970–71 (Utah 1992)) (cleaned up).
[86] MTD 9.
[87] Opp'n 8–9; Answer and Counterclaim 22.

### E. Civil Conspiracy (Count VI)

The Counterclaim next asserts a claim for civil conspiracy.[88] A plaintiff must plead facts showing five elements to state a claim for civil conspiracy, "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof."[89] Convirza argues that the Counterclaim fails to state facts showing a combination of persons, a meeting of the minds, or an unlawful act.[90] Mr. Walker responds that the court can infer agreement from the Defendants' coordinated conduct.[91]

In the Counterclaim, Mr. Walker alleges that the Counterclaim Defendants agreed to blame him for technical issues, falsely portray him as a criminal, financially crush him through litigation, and deflect attention from their own conduct.[92] But the Counterclaim states no facts to indicate the existence of any agreement. There are also no facts from which coordination could be inferred, because the Counterclaim does not attribute any specific actions to either individual Counterclaim Defendants or to the Defendants as a group. The Counterclaim does not state a claim for civil conspiracy because it does not include sufficient facts that could plausibly show agreement or an underlying unlawful act.

### F. Declaratory Judgment (Count VII)

Mr. Walker's next claim is for declaratory judgment that he "did not commit the misconduct alleged in the First Amended Complaint."[93] Convirza states generally in its Motion

---

[88] Answer and Counterclaim 22.
[89] *Pyper v. Reil*, 2018 UT App 200, ¶ 16, 437 P.3d 493, 497.
[90] MTD 14–15.
[91] Opp'n 9.
[92] Answer and Counterclaim 22.
[93] *Id.* 22–23.

14

to Dismiss that all of the Counterclaim's causes of action should be dismissed,[94] but it does not make any specific arguments for dismissing the declaratory judgment claim. In its Reply brief, Convirza addresses the claim and argues that it should be dismissed because it overlaps entirely with Convirza's claims against him and will be necessarily decided by the resolution of those claims.[95]

The court need not address the merits of this argument at this point. In the Tenth Circuit, it is "well settled" that courts do not "review issues raised for the first time in a reply brief."[96] Even arguments that likely have merit are not appropriate to consider if they come for the first time in a reply.[97] Because Convirza did not explain in its Motion to Dismiss why the declaratory judgment claim fails, the court will not dismiss it.

G. Equity / Fiduciary Estoppel (Count VIII)

The Counterclaim's next cause of action is titled "Equity / Fiduciary Estoppel."[98] It seems to be based on Convirza's claims for breach of fiduciary duty against Mr. Walker.[99] Mr. Walker's claim apparently assumes that any fiduciary duty he might have breached must have arisen from his ownership interests in Convirza, an interest that he says has been denied.[100] This claim "seeks a declaration" that Convirza's claims based on Mr. Walker's fiduciary duty should be dismissed because he was "NOT an owner/fiduciary."[101] Alternatively, its states that

---

[94] MTD 1.
[95] Reply Supporting Motion to Dismiss Counterclaim of James Walker ("Reply") 8–9, ECF No. 124, filed Jan. 20, 2026.
[96] *United States v. Gordon*, 710 F.3d 1124, 1150 (10th Cir. 2013).
[97] *See Surgenex, LLC v. Predictive Therapeutics, LLC*, 462 F. Supp. 3d 1160, 1177 (D. Utah 2020), *on reconsideration in part,* No. 2:19-CV-295-RJS-DAO, 2020 WL 8514831 (D. Utah July 17, 2020) ("Although [Defendant's] argument likely has merit, the court does not consider arguments raised for the first time in reply.").
[98] Answer and Counterclaim 23.
[99] *See* Compl. ¶¶ 187–203.
[100] Answer and Counterclaim 23.
[101] *Id.*

Counterclaim Defendants owed Mr. Walker fiduciary duties if he was an owner and that they breached those duties.[102]

The Counterclaim includes several additional claims alleging that the Counterclaim Defendants breached their fiduciary duties, so this aspect of the "equitable/fiduciary estoppel" claim is duplicative and can be addressed with those causes of action.[103] On the other hand, Mr. Walker's assertion that Convirza's causes of action should be dismissed appears to be an affirmative defense rather than a separate cause of action. Utah recognizes an affirmative defense of equitable estoppel—as opposed to a cause of action of promissory estoppel— that "reflects circumstances where it is not fair for a party to represent facts to be one way to get the other to agree, and then change positions later to the other's detriment."[104]

This is essentially what Count VIII attempts to do. It does not state any affirmative claims that the Counterclaim Defendants harmed Mr. Walker.[105] Rather, it states that because the Counterclaim Defendants refused to recognize that Mr. Walker had an ownership interest, any claims they assert against him based on an alleged ownership interest are estopped. Convirza argues that this claim should be dismissed because it "misconstrues" Convirza's claims and the law surrounding fiduciary duties.[106] However, the court need not address this argument because the Counterclaim's eighth "cause of action" is actually a defense that is not subject to 12(b)(6) dismissal. It remains, and the court construes it as an affirmative defense.

---

[102] *Id.*
[103] *See id.* at 23–24.
[104] *Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, ¶ 15, 158 P.3d 1088, 1092.
[105] Answer and Counterclaim 23.
[106] MTD 10.

16

### H. Breach of Fiduciary Duty and Right to Review Books and Records (Counts IX, X, and XII

Counts nine and ten in the Counterclaim are respectively titled "Minority-Owner Oppression" and "Breach of Fiduciary Duty (Majority to Minority)."[107] They both claim that, to the extent Mr. Walker has an ownership interest in Convirza, he was owed fiduciary duties by the majority owners."[108] Mr. Walker alleges that the "majority" owners breached these duties in several ways.[109] Convirza argues that these claims should be dismissed because Mr. Walker has not alleged any ownership interest in the company.[110]

In Utah, the fiduciary duties owed by members in a member or manager-managed LLC are governed by statute.[111] In certain scenarios, a member of an LLC can owe duties of care and loyalty to other members.[112] Mr. Walker makes it clear that his ninth and tenth claims are based on duties owed among LLC members and that they are dependent on him having an ownership interest in Convirza.[113]

The Counterclaim does not allege that Mr. Walker has any such ownership interest. It states that Mr. Walker was "told he would be treated 'like an owner,'" and that he was "held out informally" as an "owner-level leader[]" while being "promised equity upside."[114] Yet the

---

[107] Answer and Counterclaim 23–24.
[108] *Id.*
[109] *Id.*
[110] MTD 11.
[111] *See* U.C.A. 1953 § 48-3a-409(1) ("A member of a member-managed limited liability company owes to the limited liability company and, subject to Subsection 48-3a-801(1), the other members the duties of loyalty and care stated in Subsections (2) and (3)"); § 48-3a-409(9)(f) ("In a manager-managed limited liability company . . . a member does not have any duty to the limited liability company or to any other member solely by reason of being a member.").
[112] *Id.*
[113] He styles these claims as "conditional / alternative" and states that they are conditional on him having "any equitable, promised, or de facto ownership" and on his holding "any owner-like status." *See* Answer and Counterclaim 23–24.
[114] Answer and Counterclaim 18–19.

17

factual allegations in the Counterclaim also make it clear that this promised ownership interest never appeared. Mr. Walker pleads facts showing that he never received any "cap-table entries, K-1s, books-and-records access, distributions, or other indicia of actual ownership" and that he and other individuals were "denied formal equity."[115] Because the Counterclaim does not plead facts indicating that Mr. Walker had an ownership interest in Convirza, his breach of fiduciary duty claims fail.

Similarly, Mr. Walker claims in count twelve that, to the extent he has ownership interest in Convirza, he has a right to inspect its books and records.[116] Utah Code § 48-3a-410(1)(a) provides that a member of an LLC may, with certain limitations, "inspect and copy . . . any record maintained by the limited liability company regarding the limited liability company's activities, affairs, financial condition, and other circumstances, to the extent the information is material to the member's rights and duties."[117] As with the fiduciary duty claims, these inspection rights are dependent on Mr. Walker having an ownership interest in the LLC. This claim must also be dismissed because the Counterclaim fails to allege that Mr. Walker had any ownership interest in Convirza.

I. **Attorney Fees, Costs, and Sanctions (Count XIII)**

Finally, the Counterclaim requests attorney fees, costs, and sanctions.[118] Convirza does not address this "claim" in its Motion to Dismiss.[119] However, the court notes that Mr. Walker's request for fees and costs are not a separate cause of action because they only request relief for

---

[115] *Id.*
[116] *Id.* at 25.
[117] U.C.A. § 48-3a-410(1)(a).
[118] Answer and Counterclaim 25.
[119] *See generally* MTD.

the actions alleged in the Counterclaim's other causes of action.[120] The court will construe these requests as part of the Counterclaim's Prayer for Relief.

The court also notes that, under Rule 11 of the Federal Rules of Civil Procedure, "[a] motion for sanctions must be made separately from any other motion."[121] To the extent the thirteenth cause of actions seeks to present a motion for sanctions, that motion must be denied for failure to comply with Rule 11.

## ORDER

Convirza's [104] Motion for Default Against James Walker is DENIED, and its [96] Motion for Default Against James Walker and Cameron Holmes is DENIED AS MOOT. Convirza's [118] Motion to Dismiss is GRANTED in Part and DENIED in part. Causes of action I, II, III, IV, V, VI, IX, X, XI, and XII are DISMISSED WITHOUT PREJUDICE as to Convirza. Cause of action VIII is construed as an affirmative defense, and cause of action XIII is construed as part of the prayer for relief.

Signed January 30, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[120] *See* Answer and Counterclaim 25.
[121] Fed. R. Civ. P. 11(c)(2).