UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WOOS LLC dba CONVIRZA, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMAD MUSTAFA AKA MO ASADY, an individual; JAMES WALKER, an individual; CAMERON HOLMES, an individual; FREIGHTON, LLC dba CALL GENERATION NETWORK and MISDIAL.AI, a Florida limited liability company; NUMBER5, LLC dba NUMBERS AI, LLC and NUMBERS, LLC, a Delaware limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [127] PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:25-cv-00212-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff Woos LLC dba Convirza's ("Convirza") Motion for Judgment on the Pleadings[1] regarding the final claim in Defendant James Walker's Counterclaim.[2]

**BACKGROUND**

This case involves a complex business dispute. Plaintiff Convirza is a Nevada limited liability company with its sole place of business in Utah.[3] Convirza describes itself as a coaching

---

[1] Motion for Judgment on the Pleadings ("MJP"), ECF No. 127, filed Feb. 2, 2026.
[2] Answer and Counterclaim, ECF No. 113, filed Dec. 4, 2025.
[3] First Amended Complaint ("Compl.") ¶ 1, ECF No. 41, filed May 12, 2025.

1

company that later moved into call analytics using AI review.[4] In August 2020, Convirza hired

Mr. Walker as its sales manager, and he later became the company's chief operations officer.[5]

Convirza generally alleges that Mr. Walker and Defendant Mo Asady secretly created their own

business and used their positions to usurp Convirza opportunities and funnel business and

customers away.[6] It also alleges that Walker and the other defendants used Convirza resources to

perpetrate the thefts and breaches.[7]

On May 12, 2025, Convirza filed its First Amended Complaint detailing these

allegations.[8] On December 4, 2025, after some delay, Mr. Walker filed an Answer to the First

Amended Complaint along with counterclaims against Convirza and other counterclaim

defendants.[9] Convirza filed a Motion to Dismiss Mr. Walker's counterclaims,[10] and the court

granted that Motion in part, dismissing each of Mr. Walker's counterclaims against Convirza

without prejudice except one.[11] Convirza subsequently filed an Answer to Mr. Walker's

Counterclaim[12] and moved for judgment on the pleadings as to Mr. Walker's final claim.[13] Mr.

Walker never filed a response to Convirza's Motion, and the time to do so has now passed.[14]

---

[4] *Id.* ¶¶ 14–15.
[5] *Id.* ¶ 20.
[6] *Id.* ¶¶ 30–36.
[7] *Id.*
[8] *See id.*
[9] *See* Answer and Counterclaim.
[10] Motion to Dismiss Walker Counterclaims ("MTD"), ECF No. 118, filed Jan. 15, 2026.
[11] Order Granting in Part Motion to Dismiss ("Order"), ECF No. 125, entered Jan. 30, 2026.
[12] Answer to Walker Counterclaim ("Convirza Answer"), ECF No. 126, filed Feb. 2, 2026.
[13] *See* MJP.
[14] DUCivR 7-1(a)(4)(A)(iii).

**STANDARD**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[15] The court evaluates a motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[16] "Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[19] Conclusory statements and legal conclusions are "not entitled to the assumption of truth."[20]

**DISCUSSION**

Mr. Walker's sole remaining claim against Convirza is a cause of action for declaratory judgment in count seven of the Counterclaim.[21] This claim "seeks a judicial declaration that [Mr. Walker] did not commit the misconduct alleged in the First Amended Complaint."[22] Convirza

---

[15] Fed. R. Civ. P. 12(c).

[16] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (abrogated on other grounds)).

[17] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.,* 923 F.3d 729, 764 (10th Cir. 2019)).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[19] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).

[20] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).

[21] Answer and Counterclaim ¶¶ 45–48.

[22] *Id.* ¶ 48.

3

argues that this claim is redundant and should be dismissed because it completely overlaps with issues that will necessarily be resolved as the parties litigate Convirza's First Amended Complaint.[23]

"The Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party' *not* that it must do so."[24] This grants federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants."[25] Counterclaims seeking duplicative or redundant declaratory relief have been dismissed under this discretion when they fail to "assert[] an independent case or controversy which would remain viable after a dismissal of the plaintiff's claim."[26] The Tenth Circuit has also provided certain factors that courts may weigh when determining whether to hear a declaratory judgment action, including:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[27]

In this case, Mr. Walker's request for declaratory judgment that he should prevail on Convirza's claims against him necessarily overlaps entirely with those claims. It is duplicative of

---

[23] MJP 4–5.

[24] *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1329 n.6 (10th Cir. 2022) (quoting 28 U.S.C. § 2201(a)) (emphasis in original).

[25] *Francis Trucking, Inc. v. Francis*, No. 1:22-CV-00088-TC-JCB, 2023 WL 1472136, at *8 (D. Utah Feb. 2, 2023) (quoting *Atlas Biologicals*, 50 F.4th at 1329 n.6).

[26] *Id.* (quoting *Prograde Ammo Grp. LLC v. Perry*, No. 14-CV-00884, 2015 WL 1064266, at *3 (D. Colo. Mar. 9, 2015)).

[27] *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

the controversy that already exists in the First Amended Complaint and does not assert any independent dispute that would remain viable after the resolution of Convirza's existing claims. For these same reasons, Mr. Walker's desired declaratory relief does not serve a useful purpose because an existing route to decide the exact same issue already exists. Resolving Mr. Walker's declaratory judgment claim necessarily requires the court to first resolve Convirza's claims against Mr. Walker, which would then leave nothing left to decide in the counterclaim. Mr. Walker's counterclaim for declaratory judgment against Convirza is dismissed.

ORDER

Convirza's [127] Motion for Judgment on the Pleadings is GRANTED. Cause of action VII in Mr. Walker's Counterclaim is DISMISSED WITHOUT PREJUDICE against Convirza.

Signed April 9, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

5