THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WOOS LLC dba CONVIRZA, a Nevada limited liability company,<br><br>         Plaintiff,<br><br>v.<br><br>MOHAMMAD MUSTAFA aka MO ASADY, an individual, JAMES WALKER, an individual, CAMERON HOLMES, an individual, FREIGHTON, LLC, a Florida limited liability company, CALL GENERATION NETWORK, et al.,<br><br>         Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-212-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Woos LLC dba Convirza (Convirza) Short Form Discovery Motion. Convirza seeks to compel Defendants Mohammad Mustafa aka Mo Asady, Freighton LLC, and Number5 LLC (Asady Defendants) to fully respond to Convirza's discovery requests.[1] As set forth herein, the court grants in part the motion.

## BACKGROUND

This matter concerns allegations of the misappropriation of trade secrets. Convirza is a coaching company that utilizes analytics to allow companies to optimize sales and marketing, and to keep better records of their calls. Convirza uses artificial intelligence to help with its business, including reviewing certain information and providing growth opportunities for its customers. Defendant Mo Asady was Convirza's Chief Technology Officer from 2021 to 2024.

---

[1] Plaintiff's Short Form Discovery Motion Regarding Asady Defendants' Discovery Responses, ECF No. 128 (Motion).

Convirza alleges Asady conspired with other Convirza employees to start a competing company and funnel its business to that company. Asady denies these allegations.

The current dispute centers on responses to Convirza's Interrogatories and Requests for Production. Convirza notes that after multiple follow-ups, Defendants provided supplemental responses in February 2026. Yet, it was only a partial production, did not include complete QuickBook files, and was largely edited removing certain information vital to this case. This includes no customer or vendor communications. Later in February after the supplemental production, the parties had another meet and confer with the Asady Defendants providing that additional responses would be forthcoming. To date, nothing additional has been provided and this motion followed.[2]

## DISCUSSION

Rule 26 of the Federal Rules provides the general provisions governing discovery. Federal Rule 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …."[3] In reviewing discovery requests the court considers items such as the importance of issues in the case, the amount in controversy, the parties' resources and relative access to relevant information, and the burden, expense and benefit of discovery. Informotion within the scope of discovery need not be admissible in evidence to be discoverable.[4] With these standards in mind, along with the court's prior decision bifurcating discovery, the court turns to Plaintiff's Motion.

---

[2] Scheduling Order at 2, ECF No. 72.

[3] Fed. R. Civ. P. 26(b)(1).

[4] *See id.*

Plaintiff seeks to compel responses to interrogatories 1 through 10, 12 and Requests for Production 2 through 16. Convirza brings this matter against its former employees and the companies they operated during their employment with Convirza. Plaintiff argues the discovery requests are "aimed directly at the documents and information underpinning this competition."[5] The requested discovery seeks information and communications with customers and vendors, communications between Defendants, financial records, certain documents such as those used for marketing and those that support Defendants' defenses, and Defendants' code. This information, according to Plaintiff, is only in the Asady Defendants' possession or control and the requests are relevant and proportional to the needs of this case.

In response, the Asady Defendants argue that any meet and confer between the parties was ineffective because Convirza did not disclose records it already obtained by subpoena. In essence, Plaintiff seeks financial information that "has either already been provided or appears in the bank records already obtained by subpoena."[6] Defendants further point to the expense of obtaining, categorizing, and disclosing the requested information asserting it would be "exceedingly burdensome" citing to Rule 26(b)(1)'s standard of the burden or expense of the proposed discovery outweighs its benefit. Next, according to the Asady Defendants, many of the responses are complete. For example, Defendants claim they have provided a list of names and a brief explanation of customers, and it is unclear what Plaintiff believes is inadequate about the responses. Further, the detail sought by Plaintiff is unreasonable given the itemization of several years of activities making generalized responses proper. Defendants argue the code should only be disclosed to the expert and not to any party engaged in actual business competition. Finally,

---

[5] Motion at 2.

[6] Opposition at 2.

Defendant Mr. Asady "is prepared to provide an MBOX file to Mr. Walker so he can access and provide a response as to his emails."[7]

The court agrees with Defendants that the code should not be disclosed to any party engaged in actual business competition. This protects Defendants from Plaintiff using this litigation as a tool to thwart competition while still allowing Plaintiff to pursue its case. Plaintiff offers no contrary argument or authority that the code should be provided to individuals engaged in business competition.

The court will also require Defendant to provide the MBOX file to Mr. Walker within 7 days of the date of this order so he can access and provide responses to emails. The court now turns first to the Interrogatory requests and then addresses the Request for Production.

## I.     Interrogatory requests

Defendants repeatedly object to the interrogatories as "vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." The court overrules Defendants' boilerplate objections. As noted by this court in another case, such objections "are empty, useless traditions that do nothing but make discovery unnecessarily cumbersome."[8] Further, Defendants repeatedly point to "undue burden" without providing the specificity needed to discern the actual problem with the request.[9] Such general unsupported objections are overruled by the court. Turning to the individual requests the court finds as follows:

Defendants amended response to Interrogatory No. 1 is inadequate. Defendant Asady provided he has been "paid approximately $4,500 on a monthly basis" but notes he will produce

---

[7] Opposition at 3.

[8] *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 447 (D. Utah 2020).

[9] *See id.*

"QuickBooks records" showing the payments. This information is to be provided within 7 days of the date of this order. Additional responses pertaining to this Interrogatory are to be provided for the other Defendnats or their family members.

Asady's amended response to Interrogatory No. 2 is sufficient.

Asady is to provide the calendar entries demonstrating the meetings referred to in response to Interrogatory No. 3 and update it to include any others that attended the meetings. Other than that, the amended response is sufficient.

Interrogatory No. 4 states "Identify all potential or actual customers of Numbers or Freighton to whom you have marketed goods or services."[10] And, Interrogatory No. 5 requests "For each customer identified in response to Interrogatory No. 4, identify the source through which this customer came into contact with you."[11] In response, Asady provides he did not market, solicit, or sell goods or service to any actual or potential customer. Rather customer outreach and sales efforts were directed by James Walker. In addition, to the extent that Asady did market goods or services those would be reflected in documents maintained by Number5. Asady's response to Interrogatory No. 5 is very similar. The court finds the responses to these Interrogatories sufficient.

In response to Interrogatory No. 6 Asady provides that as to his personal involvement "he will do his best to respond."[12] The court orders Asady to provide any supplements to this Interrogatory within 7 days of the date of this order. The remining information pertaining to this Interrogatory appears to reside with other parties.

Interrogatory No 7 states: "Identify all payments from customers to Freighton or

---

[10] Amended Responses to Plaintiff's First Set of Discovery to Asady, Freighton, and Numbers at 6, ECF No. 128-2.

[11] *Id.* at 9.

[12] *Id.* at10.

Numbers since January 1, 2019."[13] Asady provides that "[o]btaining a record or even a response is highly unlikely" given the nature of information in the middle east where he resided for a time.[14] Asady does agree, however, to produce available payments from customers to both Freighton and Number5 via QuickBooks. The court ORDERS that this information is to be produced with a list of all customer payments to any of the Asady Defendants by date, amount and purpose.

The court finds the amended response to Interrogatory No. 8 largely sufficient. However, Asady is to provide more detailed information regarding the dates that goods and services were provided. If information more than "starting sometime in 2021" or "starting sometime around 2021"[15] is available, then it is to be produced and this Interrogatory is to be supplemented.

The court finds the amended response to Interrogatory No. 9 sufficient.

The court finds the amended response to Interrogatory No. 10 sufficient.

The court finds the amended response to Interrogatory No. 12 mostly sufficient. Asady provides he does not maintain the contact information for those listed in response to this Interrogatory. Asady is ordered to update the response with the dates of the services for those individuals listed in this Interrogatory.

## II.      Requests for Production

Convirza seeks to compel responses to Requests for Production (RFP) 2 through 16. At the outset of considering the contested RFPS, the court finds in similar fashion to that as noted above, general unsupported boilerplate objections are improper, do little to advance the case and

---

[13] *Id.* at 11.

[14] *Id.*

[15] *Id.* at 14.

impede discovery. Defendants repeatedly make these useless boilerplate objections and they are overruled. More specific overbroad objections are addressed below.

In response to RFP Nos. 2 – 4, Defendant agrees to produce non-privileged, responsive communications. If these have yet to be produced, they are to be provided withing 7 days of the date of this order.

RFP 5 requests "All documents relating to Freighton's involvement in the misdial business prior to the time that Asady was employed by Convirza."[16] Asady's answer to this RFP basically reserves the right to produce or describe information "if at all" only upon a showing of relevance and proportionality. Relevance at this stage of the case is broadly construed. The court orders Defendant to provide all documents relating to Freighton's involvement in the misdial business prior to the time that Asady was employed by Convirza.

Defendant's response to RFP No. 6 is very similar to No. 5. The court orders Defendant to provide the requested information.

Once again in response to RFP 7, Defendant provides he will produce non-privileged documents. Given the schedule in this case and the governing protective order, the court cannot understand why such documents have not been produced. Defendant is to produce all documents and communications relating to the formation, purpose, ownership, structure, capitalization or operations of Freighton and Numbers5.

In response to RFP 8 Asady provides that he is a "technologist and engineer" therefore he did not perform marking or sales functions for Freighton or Numbers. Asady then provides additional information regarding this RFP. The court finds Asady's amended response sufficient.

RFP No. 9 seeks "all financial records for Freighton or Numbers, including any

---

[16] *Id.* at 25.

financial information maintained, received, or transmitted by any officer, owner, or agent in connection with the company's operations or finances."[17] Asady resists production of these materials arguing they are not proportional to the needs of the case and are not appropriate for discovery via an individual defendant. The court overrules this objection. The Amended Complaint seeks a constructive trust on "ill-gotten gains from improperly soliciting Convirza's customers".[18] Thus, financial information such as this is relevant to the case. Defendant is ordered to fully respond to RFP 9.

RFP No. 10 seeks all "Freighton or Numbers' code, models, scripts or AI logic, including prior, archived or backup versions, used for any product those companies offered, planned to offer, or considered offering."[19] The court finds these materials relevant and proportional based on Plaintiff's trademark misappropriation claims. The information is governed by the protective order in this case and is to be produced.

RFP No. 11 seeks Asady's calendar or other records of his scheduled meetings since May 1, 2019. Asady provides that he will not produce "wholesale calendar records" in response to this RFP, but will provide responses to "narrowly tailored discovery identifying the individuals, dates, and subject matter at issue." Plaintiff is ordered to narrow this RFP as the court agrees it is overbroad as currently written.

In response to RFP 12 that seeks all documents supporting Defendants' defenses in this case, Asady responds that all non-privileged documents will be produced. Asady is ordered to produce the documents and is to provide a privilege log for any documents withheld whether it is for this request or other discovery requests.

---

[17] *Id.* at 31.

[18] Amended Complaint at 45, ECF No. 41.

[19] Amended Responses to Plaintiff's First Set of Discovery to Asady, Freighton, and Numbers at 34.

RFP 13 seeks all "contracts entered into between Freighton or Numbers. This shall include, but not be limited to, any vendors contracts or customers contracts.:[20] Once again Defendant agrees to produce non-privileged documents but will not include contracts unrelated to the claims at issue, or those that predate Defendant's engagement with Plaintiff. Defendant's relevance limits are sustained. The RFP is to be answered with any needed privilege log.

Per Defendant's stated conditions as set forth in the amended response, RFP 14 is to be answered.

In similar fashion, both RFP 15 and RFP 16 are to be answered as set forth in Defendant's amended response.[21]

## CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART. Defendants are to respond to the discovery requests as set forth above within 7 days of the date of this order. Defendants are also to provide a privilege log for those items that are withheld.

IT IS SO ORDERED.

 DATED this 6 July 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[20] *Id.* at 38,

[21] *See id.* at 41-43.